# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 23, 2022

Lyle W. Cayce
Clerk

No. 20-10823

Darren Gunnels,

*Plaintiff—Appellant*,

*versus*

Donley County, Texas,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:17-CV-192

Before Southwick, Graves, and Costa, *Circuit Judges*.
Per Curiam:[*]

Darren Gunnels has filed a motion for authorization to proceed in forma pauperis (IFP) on appeal from the district court's order dismissing his Federal Tort Claims Act case. By moving in this court to proceed IFP, he is challenging the district court's certification pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3)(A) that any

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10823

appeal would not be taken in good faith because, as explained in the order and final judgment, the district court lacked jurisdiction after Gunnels failed to allege or prove that he had exhausted his administrative remedies. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). However, before this court Gunnels argues solely that he is financially eligible to proceed IFP on appeal; he does not challenge the district court's jurisdictional ruling. His failure to identify any error in the district court's analysis constitutes an abandonment of such claims. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The appeal is without arguable merit and is thus frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2. The dismissal as frivolous of this appeal, which was filed when Gunnels was incarcerated, counts as a strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Gunnels is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.

2